EDWARD N. LIPSON ET AL. v. GEORGE BENNETT ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 8—decided May 4, 1961

*Cleaveland J. Rice, Jr.,* with whom, on the brief, was *Charles M. Lyman,* for the appellants (plaintiffs Lipson).

*Charles Henchel,* with whom was *Morris W. Mendlesohn,* for the appellees (defendants Bennett).

SHEA, J. In this action, the plaintiffs sought a judgment declaring the nature and extent of the rights of the parties with respect to a pond located on their properties. A trial of the case previously resulted in a judgment of nonsuit, which was set aside on motion of the plaintiffs Edward N. Lipson and Ida L. Lipson. Thereafter, the Lipsons filed an amendment to the complaint. The parties then appeared and were heard by the court on the pleadings. It appeared to the court that there was not an actual bona fide and substantial question or issue in dispute, that there was no substantial uncertainty of legal relations which required settlement between the parties, and that they should be left to seek redress by some other form of procedure. See Practice Book § 277 (b). The court continued the case for two weeks, to give the plaintiffs an opportunity to amend the complaint so as to set out a cause of action for damages. At the expiration of this continuance, the court again continued the case for an additional ten days to allow the plaintiffs further time within which to amend the complaint if they desired to do so. On their failure to amend or plead further, the court found that the plaintiffs were not entitled to the relief prayed for and rendered judgment for the defendants. The plaintiffs Lipson have appealed.

In the complaint as amended, the following ma-

terial facts are alleged. The defendants George Bennett and Rose Bennett were the owners of property in North Haven to the east of, and adjoining, in part, the Lipsons' land. In 1950, a natural stream of water flowed northerly across the property owned by the predecessors in title of the defendants Edward Goldner and Edna Goldner and thence continued northerly across the Bennett property. At that time, the Lipson property was owned by Lewis D. Christie, Jr., and Catherine B. Christie, who co-operated with the Bennetts in erecting a dam on the stream at or near the northwest corner of the Bennett property, thereby forming a pond which flowed over swamp land now owned by all the original parties to this action. In 1954, the Lipsons bought the Christie property. The pond made the properties surrounding it more attractive, and the abutting owners used it for skating in the winter. In 1956, George Bennett opened the dam, drained off the pond, and erected a wall of cinder blocks near the west line of the Bennett property. The wall reached a height just short of the high-water mark of the previous pond. The plaintiffs alleged, on information and belief, that George Bennett intends to raise this wall to about six inches above the high-water mark. They also alleged that in the process of erecting the wall he caused mud and silt to be thrown on some of the land of the plaintiffs and that the condition caused by the drainage of the pond was not conducive to health and constituted an eyesore. The plaintiffs asked for a declaratory judgment determining (1) whether the Bennetts had the right to erect and maintain the wall; (2) whether the Bennetts had the right to control the pond and keep it drained at their pleasure; (3) whether the plain-

tiffs, and the defendants Goldner, had the right to demand that the pond be maintained in substantially the condition in which it was at the time it was constructed; and (4) the nature and extent of the rights of all the parties. The defendants, in their answers, admitted the construction of the dam creating the pond, the draining of the pond in 1956, and the erection of the wall on the Bennett land. They denied the remaining allegations of the complaint. The plaintiffs claim that the court erred in deciding the case on an issue not presented by the pleadings, in hearing the parties on the pleadings without proceeding to trial, in reaching the conclusions it did, and in rendering judgment for the defendants.

An action for a declaratory judgment is a special statutory proceeding implemented by the rules of court. General Statutes § 52-29; Practice Book §§ 276, 277. The object of the action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations which requires settlement between the parties. Practice Book § 277 (b) ; *Hill* v. *Wright,* 128 Conn. 12, 15, 20 A.2d 388. The complaint should allege such a dispute or uncertainty and set forth the facts necessary for the determination of the question. *Bania* v. *New Hartford,* 138 Conn. 172, 175, 83 A.2d 165. Our rules provide that the court will not render a declaratory judgment on the complaint of a person "unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or . . . unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or . . . where the court

shall be of the opinion that the parties should be left to seek redress by some other form of procedure." Practice Book § 277 (a), (b), (c). A declaratory judgment may be employed only in solving a justiciable controversy. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158, 112 A.2d 208. There can be no such controversy if the interests of the parties are not adverse. *Aetna Life Ins. Co.* v. *Haworth,* 300 U.S. 227, 240, 27 S. Ct. 461, 81 L. Ed. 617. The complaint must state facts sufficient to set forth a cause of action entitling the plaintiff to a declaratory judgment. 1 Anderson, Declaratory Judgments (2d Ed.) § 257. To state a cause of action for such relief, facts showing the existence of a substantial controversy or uncertainty of legal relations which requires settlement between the parties must be alleged. Ordinarily, there should be an assertion in the pleadings by one party of a legal relation or status or right in which he has a definite interest, together with an assertion of the denial of it by the other party, thus setting forth a substantial dispute. Id. § 258.

The plaintiffs, in their complaint, failed to assert what right, if any, they claim in the pond which flowed over a portion of their properties between 1950 and 1956. They allege that their back yards were made substantially more attractive by the presence of the pond and that it was a substantial enhancement to both the esthetic and intrinsic value of their properties. While it may be assumed that the dam was erected on the Bennett land, the complaint nevertheless is vague as to the location of it. The statement that the pond was formed as a result of a co-operative effort is so indefinite and uncertain as to make this allegation meaningless. There is no allegation of any contract, express or implied,

nor of any claim or assertion of any right, either legal or equitable. A clear, concise statement of claims must be asserted before the court may be called upon to exercise its jurisdiction. 1 Anderson, op. cit., p. 46. The time of the court should not be taken up unnecessarily with actions seeking declaratory judgments. *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 650, 153 A.2d 828. It is within the discretion of the court to find that "the parties should be left to seek redress by some other form of procedure" and to refuse a declaratory judgment on that ground. Practice Book § 277 (c); *Holt* v. *Wissinger,* 145 Conn. 106, 113, 139 A.2d 353. This is particularly true in the present case, where the plaintiffs had already had one opportunity to try their case and had failed to satisfy the court that they had a right to, or need for, a declaratory judgment. When the court is able to determine from the pleadings that a cause of action for a declaratory judgment has not been stated, the court may render judgment on the pleadings. See *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 191, 148 A.2d 554.

The court was warranted in concluding, after a hearing on the pleadings, that the plaintiffs had failed to meet the conditions required under Practice Book § 277, and in rendering judgment for the defendants.

There is no error.

In this opinion the other judges concurred.