[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
Milford Power Company, LLC ("Milford Power") filed an action against Alstom Power, Inc. f/k/a ABB Alstom Power, Inc. f/k/a ABB Power Generation, Inc. ("Alstom Power") and Black Veatch Construction Company, Inc. ("Black Veatch") seeking declaratory relief in connection with a certain contract entered into among the parties on or about February 27, 1999. Under the contract, Alstom Power and Black Veatch were to provide engineering, procurement and construction services to Milford Power for the construction of an electric power generating plant in Milford, Connecticut for a contract price in excess of $230,000,000.
According to the allegations of the complaint, the first and second phases of the construction of the plant were to be substantially completed by March 31, 2001. On February 2, 2000, a heat recovery steam generator collapsed at the site, causing the deaths of two workers and significant property damage. The United States Occupational Safety and Health Administration ("OSHA") investigated the incident on February 3, 2000, closing down a portion of the project for a period of time. CT Page 5851
On March 21, 2000, the defendants sent a letter to Milford Power claiming that the collapse of the generator and subsequent OSHA investigation constitute "force majeure" events as defined in article 13.1 of the contract. On August 28, 2000, the defendants sent another letter to Milford Power claiming that a lack of available labor constitutes an additional "force majeure" event as defined in article 13.1 of the contract. Under the terms of the contract, the defendant contractors could be entitled to an adjustment of the contract price and extensions of the dates specified as substantial completion dates if timely notice of a valid "force majeure" event is provided.
The operative complaint, which is the amended complaint dated December 6, 2000,[1] seeks declarations from this court that the claimed "force majeure" events do not qualify as "force majeure" events and that both notices were not sufficient in content or timely given to Milford Power. By motion dated November 15, 2000, the defendants move to dismiss plaintiff's complaint on the ground that its claim is not ripe and therefore not justiciable. The court heard oral argument on the defendants' motion to dismiss on February 23, 2001.
A "motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-646 n. 13, 668 A.2d 1314
(1995); Johnson v. Department of Public Health, 48 Conn. App. 102, 107
n. 6, 710 A.2d 176 (1998). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa v. CS Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845
(1996). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Citation omitted; internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that basis alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988). "A ruling on a motion to dismiss is neither a ruling on the CT Page 5852 merits of the action . . . nor a test of whether the complaint states a cause of action. . . . [Rather,] [m]otions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Discover Leasing, Inc.v. Murphy, 33 Conn. App. 303, 306-307, 635 A.2d 843 (1993).
"A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction." Mayer v. Biafore, Florek O'Neill, 245 Conn. 88,91, 713 A.2d 1267 (1998). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) PamelaB. v. Ment, 244 Conn. 296, 311, 709 A.2d 1089 (1998).
The plaintiff in this action seeks declaratory relief. "A declaratory judgment may be employed only in solving a justiciable controversy. (Citation omitted.) There can be no such controversy if the interests of the parties are not adverse." Lipson v. Bennett, 148 Conn. 385, 389,171 A.2d 83 (1961). "The prerequisite determination of whether there is a substantial controversy or a sufficient uncertainty of legal relations that requires settlement between the parties must be made in the light of the particular circumstances involved in each case. (Citation omitted.) The complaint must state facts sufficient to set forth a cause of action entitling the plaintiff to a declaratory judgment." (Internal quotation marks omitted.) Bombero v. Planning Zoning Commission, 40 Conn. App. 75,85, 669 A.2d 598 (1996).
The defendants claim that the alleged disagreement between the parties is abstract, that the claim is premature and dependent upon a number of contingencies which have not yet occurred, and that no practical relief can be afforded the plaintiff by this court. A review of the allegations in plaintiff's amended complaint does not support defendants' position. It is alleged that the subject contract provides for guaranteed substantial completion dates; that it contains a liquidated damages provision entitling Milford Power to specified sums for each day of delay; that the defendants informed Milford Power that the substantial completion dates will not be met because of the collapse of the heat recovery steam generator and OSHA investigation; that the defendants will become obligated to pay Milford Power over $4,000,000 for the projected delay under the liquidated damages provision of the contract; that the notice letters dated March 21, 2000 and August 28, 2000 claim certain events constitute "force majeure" events which could entitle the defendants to an equitable adjustment of the contract price and an extension of the substantial completion dates; that an actual controversy exists as to whether certain events constitute "force majeure" events as CT Page 5853 defined in the contract; and that the parties have been unable to resolve this dispute. The declaratory relief sought is a determination of the rights of the parties under the terms of the contract.
As Chief Justice Maltbie noted in Sigal v. Wise, 114 Conn. 297,301-302, 158 A. 891 (1932), "[t]he statute authorizing the Superior Court to render declaratory judgments is as broad as it well could be made. . . . While the [practice book] rules go on to limit that power in certain respects, neither in them nor in the statute is there any restriction upon the power of the court to render judgments determining rights which are contingent upon the happening of some future event. . . . The remedy by means of declaratory judgments is highly remedial and the statute and rules should be accorded a liberal construction to carry out the purposes underlying such judgments. One great purpose is to enable parties to have their differences authoritatively settled in advance of any claimed invasion of rights, that they may guide their actions accordingly and often may be able to keep them within lawful bounds, and so avoid the expense, bitterness of feeling and disturbance of the orderly pursuits of life which are so often the incidents of law suits. . . . Even if the right claimed in this case is a contingent one, its present determination may well serve a very real practical need of the parties for guidance in their future conduct."
The court finds that, in accordance with the requisite conditions for declaratory judgments set forth in section 17-55 of the Practice Book, Milford Power "has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to [its] rights or other jural relations. . . ." Furthermore, "[t]here is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties. . . ." The plaintiff's claim is ripe and, therefore, justiciable. Accordingly, the defendants' motion to dismiss is denied.
Koletsky, J.