ABB AUTOMATION, INC. *v.* MOHAMED N. ZAHARNA
(AC 23378)

Lavery, C. J., and Foti and Peters, Js.

---

Argued March 25—officially released June 3, 2003

*Emanuel N. Psarakis*, with whom, on the brief, were *Erin K. O'Brien* and *Allison M. Daly*, for the appellant (plaintiff).

*Gregg D. Adler*, with whom, on the brief, were *Alan Hirth* and *Debra J. Horn*, for the appellee (defendant).

### Opinion

FOTI, J. The plaintiff, ABB Automation, Inc., appeals from the judgment rendered by the trial court dismissing its complaint, which sought a declaratory judgment. The plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction. We agree and reverse the judgment of the trial court.

The plaintiff, in its November 19, 2001 complaint, alleged that it is an Ohio corporation with its principal place of business in Norwalk. The plaintiff alleged that it is a subsidiary of a Delaware corporation and is primarily engaged in "automation, instrumentation and robotics activities . . . ." The plaintiff further alleged that the defendant, Mohamed N. Zaharna, entered into

an employment contract with the plaintiff in which he agreed to serve as its president and chief executive officer, effective April 1, 1999, and served in that position until April 1, 2001. By the agreement's terms, the defendant's "principal office and location of employment will be located at Norwalk, Connecticut or such other place as shall be determined by the [plaintiff] . . . ."

The plaintiff further alleged "on information and belief" that the defendant disputes the validity and enforceability of some provisions of the employment agreement dealing with compensation, termination and benefits, and that the defendant denies that the agreement is enforceable with respect to all of the rights, benefits and obligations of the parties relating to his employment and termination. The plaintiff sought a judicial determination[1] to settle the "actual bona fide and substantial questions and issues in dispute between the parties and substantive uncertainty of legal relations between them . . . ." The plaintiff's complaint sought relief in the form of a declaratory judgment.

---

[1] Specifically, the relief sought was a determination that: "(a) the supplemental pension provision of the Employment Agreement is valid and enforceable; (b) the incentive compensation provision of the Employment Agreement is valid and enforceable; (c) the 'Other Benefits' provision of the Employment Agreement does not obligate that [the defendant] be provided with another position; (d) the termination provision of the Employment Agreement is valid and enforceable; (e) the 'zipper clause' of the Employment Agreement [providing, inter alia, that the agreement constitutes the entire agreement between the parties with respect to the defendant's employment] precludes any claims based on alleged oral or written prior understandings, representations, or agreements with respect to his Employment [Agreement;] (f) the 'General Release' provision of the Employment Agreement precludes any claims based on any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter up to and including the date [the defendant] executed his Employment [Agreement;] (g) the Employment Agreement is controlling with respect to all of the rights, benefits and obligations of the parties in connection with [the defendant's] employment and termination from [the plaintiff]."

On January 11, 2002, the defendant filed a motion to dismiss, alleging lack of personal jurisdiction, lack of subject matter jurisdiction and improper venue. The record reflects that the defendant had filed a complaint against the plaintiff in an Ohio state court based on the same nucleus of operative facts that the plaintiff in its present complaint alleged were in dispute between the parties. The court, in granting the motion to dismiss on the basis of lack of subject matter jurisdiction only, concluded that the allegations made by the plaintiff "upon information and belief" were insufficient to support a claim that an actual dispute or controversy existed and were, therefore, nonjusticiable. The court found those allegations to be conclusory in nature and insufficient to establish the existence of an actual dispute between the parties. Because the court concluded that it lacked subject matter jurisdiction to adjudicate the action, it did not address the issues of personal jurisdiction or forum non conveniens.[2]

The applicable standard of review is well established. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Doe* v. *Roe*, 246 Conn. 652, 660, 717 A.2d 706 (1998).

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented

[2] The parties briefed both those grounds and requested that we address them either as "other grounds" to support the granting of the motion to dismiss, as the defendant asserts, or to conclude, as the plaintiff argues, that "no other grounds exist that support the granting of a motion to dismiss." Those issues were raised at trial, but the court resolved the matter solely on the basis of subject matter jurisdiction. Accordingly, we decline to comment on those alternate issues. See *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996) (claims neither addressed nor decided by trial court are not properly before appellate tribunal).

by the action before it. . . . If a court lacks subject matter jurisdiction to hear and determine cases of the general class to which the proceedings in question belong, it is axiomatic that a court also lacks the authority to enter orders pursuant to such proceedings." (Citations omitted; internal quotation marks omitted.) *Speight* v. *Office of Victim Services*, 61 Conn. App. 151, 154, 763 A.2d 25 (2000). We must determine whether the court had subject matter jurisdiction to entertain the plaintiff's complaint. We are mindful that "[a] court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it . . . ." (Internal quotation marks omitted.) Id. "[W]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Ann Howard's Apricots Restaurant, Inc.* v. *Commission on Human Rights & Opportunities*, 237 Conn. 209, 221, 676 A.2d 844 (1996).

The plaintiff argues that there was sufficient evidence before the court to demonstrate the existence of an actual dispute even if the complaint itself did not expressly reflect the existence of such controversy. Specifically, the plaintiff points out that the court had before it a disclosure by the defendant, in its memorandum of law in support of its motion to dismiss, of an action instituted by him in an Ohio court that was "based on the same nucleus of operative facts" on which the plaintiff based the present action. The defendant also had attached to his memorandum of law a copy of his Ohio complaint,[3] which, the plaintiff argues, acts as an "admission" that an actual controversy existed between the parties, as reflected in the plaintiff's complaint. Although we agree that the court may have been free to consider the entire record before it, and not

---

[3] The record reflects that the defendant filed the Ohio complaint subsequent to the commencement of the present action.

merely the pleadings as such, we find it unnecessary to address the issue as to whether the defendant admitted the existence of an actual dispute because we conclude that allegations pleaded on "information and belief" in this case are sufficient to establish a cause of action for a declaratory judgment.

The interpretation of pleadings is an issue of law. As such, our review of the court's decisions in that regard is plenary. *Forte* v. *Citicorp Mortgage, Inc.*, 66 Conn. App. 475, 483–84, 784 A.2d 1024 (2001). In determining whether a complaint is subject to dismissal for lack of jurisdiction, "a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998).

"The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Internal quotation marks omitted.) *Forte* v. *Citicorp Mortgage, Inc.*, supra, 66 Conn. App. 484–85.

Practice Book § 17-54 provides that the court may award declaratory relief "as to the existence or nonexistence (1) of any right, power, privilege or immunity; or (2) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or

immunity now exists or will arise in the future." Practice Book § 17-55 permits a court to award such relief if the following conditions are met: "(1) The party seeking the declaratory judgment has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations; (2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; and (3) In the event that there is another form of proceeding that can provide the party seeking the declaratory judgment immediate redress, the court is of the opinion that such party should be allowed to proceed with the claim for declaratory judgment despite the existence of such alternate procedure."

The issue presented is whether the plaintiff's complaint, which includes seven paragraphs pleaded "on information and belief,"[4] is sufficient to satisfy the

[4] Paragraphs twelve through eighteen alleged:

"12. On information and belief, [the defendant] disputes the validity and enforceability of the supplemental pension provision of the Employment Agreement.

"13. On information and belief, [the defendant] disputes the validity and enforceability of the incentive compensation provision of the Employment Agreement.

"14. On information and belief, [the defendant] believes the 'Other Benefits' provision of the Employment Agreement obligates that he be provided with another position upon his termination from [the plaintiff] as a perquisite or term and condition of his employment.

"15. On information and belief, [the defendant] disputes the validity and enforceability of the termination provision of the Employment Agreement.

"16. On information and belief, [the defendant] disputes the validity and enforceability of the 'zipper clause' of the Employment Agreement [providing, inter alia, that the agreement constitutes the entire agreement between the parties with respect to the defendant's employment].

"17. On information and belief, [the defendant] disputes the validity and enforceability of the 'General Release' provision of the Employment Agreement.

"18. On information and belief, [the defendant] denies that the Employment Agreement is controlling with respect to all of the rights, benefits and obligations of the parties relating to his employment and termination."

requirements of Practice Book § 17-55 (2). We conclude, in these circumstances, that it is sufficient to state a cause of action for declaratory judgment. The court must accept as true the facts alleged in the complaint. *Waters* v. *Autuori*, 236 Conn. 820, 822, 676 A.2d 357 (1996). The form of the allegations are not per se insufficient to demonstrate the existence of a substantial controversy. The substance of the allegations is an assertion that the agreement of employment is valid and enforceable, and that the defendant disputes that proposition. As a fact pleading state, we do not exalt form over substance, particularly when we indulge every presumption in favor of subject matter jurisdiction. We do not agree that the allegations are conclusory in nature because of the form employed by the plaintiff in its complaint.

Because the court did not lack subject matter jurisdiction to adjudicate the complaint, it improperly granted the defendant's motion to dismiss. The matter must be remanded, however, for the court's determination of whether personal jurisdiction over the defendant is lacking and whether the common-law doctrine of forum non conveniens should be applied.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.