AFSCME, CONNECTICUT COUNCIL 4 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, ET AL. *v.* TOWN OF ANDOVER ET AL.

AFSCME, CONNECTICUT COUNCIL 4 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO *v.* TOWN OF KILLINGWORTH ET AL.

Superior Court, Complex Litigation Docket at Waterbury

File Nos. X01-CV-03-0182395S, X01-CV-03-0185227S

Memorandum filed February 21, 2006

*Rogin, Nassau, Caplan, Lassman & Hirtle,* for the plaintiffs in both cases.

*O'Brien & Johnson,* for the named defendant in the first case.

*Gould, Larson, Bennet, Wells & McDonnell, PC,* for the named defendant in the second case.

*Donahue, Durham & Noonan, PC,* for the defendant Anthem Insurance Companies, Inc., et al. in both cases.

SHEEDY, J. These are declaratory judgment actions in which AFSCME, Connecticut Council 4 of the American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME), the named plaintiff in each action, together with the plaintiff Connecticut Retiree Chapter 4, AFSCME, AFL-CIO, in the first action, are unions that represent current and retired employees of many of this state's municipalities and political subdivisions, who are the defendants in these actions.

In November, 2001, the defendant Anthem Insurance Companies, Inc. (the parent company of Anthem East, Inc., which wholly owns Anthem Blue Cross and Blue Shield of Connecticut), converted from a mutual insurance company to a stock insurance company through a process known as demutualization. Demutualization was accomplished under the terms of a "plan of conversion to a stock insurance company" (plan) approved by the Indiana department of insurance on October 25, 2001. In the third revised, amended complaint, the plaintiffs allege that from at least June 18 to November 2, 2001, certain of its members or retirees (eligible members or persons) had health insurance coverage procured by the defendant municipalities under policies issued by Anthem.[1] The claim is that the eligible persons were entitled to receive compensation in the form of stock or its cash equivalent under the plan as a result of the demutualization. None of the eligible persons has received the same and, it is alleged, the defendant municipalities presently possess or have the ability to

---

[1] Anthem as used here refers to all defendants so named in each of the two captioned cases; they are Anthem, Inc.; Anthem Insurance Companies, Inc.; Anthem Health Plans, Inc., doing business as Anthem Blue Cross and Blue Shield of Connecticut; and Anthem East, Inc.

control the stock or its cash equivalent.[2] The essence of counts one and two of the complaint is that Anthem wrongfully distributed stock to the municipal defendants in breach of the plan. The plaintiffs seek declaratory judgments with regard to "whether the Eligible AFSCME Bargaining Employees and Eligible Retiree Members have an ownership interest in the stock or cash."

In each of the present cases, Anthem has moved to strike both counts as not legally cognizable because neither asserts a claim for damages. The plaintiffs have objected, and the parties, each of whom have filed memoranda of law with attachments, have waived oral argument, thus consenting to adjudication on the papers.

Some defendants that had already filed an answer have now filed a motion for permission to file a pleading out of order *and* a motion to strike together with a memorandum of law. (In each instance, they have requested to file the same motion with the same supporting memorandum as Anthem has filed.) Some defendants who had already filed an answer filed a motion to strike (which replicates Anthem's motions) without filing a supporting memorandum of law (or adopting Anthem's) *and* without requesting the court's permission to file out of order.[3] The plaintiffs have objected to the filings of this latter group[4] on the basis of Practice Book § 10-6 (which calls for a motion to

[2] In its reply memorandum, Anthem concedes that it made distribution to the defendant municipalities, all of which had sold their shares of stock before commencement of the present litigation.

[3] They are the town of Redding, the town of Westport, the board of education of the town of Westport, the town of Berlin, the board of education of the town of Berlin and the town of Windsor Locks.

[4] The plaintiffs did not file an objection to the pleadings filed by the town of Darien and the board of education of the town of Darien, although they share the same characteristics. The court assumes that this was a mere oversight and treats those pleadings as among those to which the plaintiffs have objected.

strike to be filed prior to an answer) and Practice Book § 10-7, which provides in relevant part that "when the [court] does not otherwise order," the filing of any pleading provided for by Practice Book § 10-6 "will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in [Practice Book § 10-6]."

The court adopts the reasoning of the town of Watertown and the Watertown board of education in *denying* the motions to strike and grants permission to all defendants who have filed any pleading under the discretion permitted to the court by Practice Book §§ 10-7, 1-8 (rules of practice are to be liberally interpreted in any case where to do otherwise will work an injustice) and, additionally, under Practice Book § 23-14, which gives to the court adjudicating a matter on the complex litigation docket the discretion to enter any appropriate order that facilitates the management of the case. See also *Sabino* v. *Ruffolo*, 19 Conn. App. 402, 562 A.2d 1134 (1989). The rules of practice are designed "to facilitate business and advance justice . . . ." Practice Book § 1-8. It serves no purpose to permit some defendants' motions and to deny others merely because some have not invoked the talismanic language of requesting permission to file. On the contrary, to deny the right to file these pleadings to the defendants who have attempted to move these cases along (as the court had earlier requested of all parties) by filing a responsive pleading is contrary to the practice of comity when, as here, the issue raised by Anthem is applicable to every named defendant. Under these circumstances, judicial economy is best served by considering all motions. The plaintiffs cannot reasonably claim such ruling works an injustice or results in unfair surprise. The plaintiffs' motion to strike with regard to certain defendants is denied; Anthem's motion is hereby made the motion of

all defendants and adjudication of its motion is applicable to all parties.

## I

## APPLICABLE LAW

"A motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). It tests whether the complaint states a claim on which relief can be granted. Practice Book § 10-39 (a); *Vacco* v. *Microsoft Corp.*, 260 Conn. 59, 65, 793 A.2d 1048 (2002). The trial court's role is to examine the complaint and construe it in favor of the pleader. *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 260 Conn. 766, 772, 802 A.2d 44 (2002). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." *Bouchard* v. *People's Bank*, 219 Conn. 465, 471, 594 A.2d 1 (1991).

## II

## ADJUDICATION

At a prior hearing on an earlier filed complaint presenting itself as a class action, in which the complaint focused on whether AFSCME had representational standing, the plaintiffs agreed that they did not claim a direct injury. In this third revised, amended complaint, the claim for relief seeks no money damages. Anthem's argument is that given these two facts, these declaratory judgment actions are fatally flawed. That is so, Anthem argues, because "a declaratory judgment action must rest on some cause of action that would be cognizable in a nondeclaratory suit . . . [since to] hold otherwise would convert our declaratory judgment statute and rules into a convenient route for procuring an advisory opinion on moot or abstract questions . . . and would

mean that the declaratory judgment statute and rules created substantive rights that did not otherwise exist." (Citations omitted.) *Wilson* v. *Kelley*, 224 Conn. 110, 116, 617 A.2d 433 (1992). *Wilson* was a class action in which taxpayers challenged the "manner" in which their property taxes had been assessed but also asserted that they made no claim of excessiveness. The court disagreed because the action could not be viewed as an appeal from the board of tax review under General Statutes § 12-118 and, therefore, a claim of excessiveness under General Statutes § 12-119 was necessarily implied in the plaintiffs' declaratory judgment action.[5] It further reasoned that if the complaint made no claim of excessiveness and contended solely that the assessor's methods violated the commands of General Statutes § 12-62 (which, by its terms, required the assessor to view all of the claimed taxable realty as part of revaluation), the plaintiffs would have no "standing" to maintain the action because there would then not be " 'an actual bona fide and substantial question in dispute' " requiring " 'settlement between the parties.' " *Wilson* v. *Kelley*, supra, 121. Absent a claim of excessiveness, "the plaintiffs' personal rights would not have been implicated. An improper method of valuation, standing alone, would not have caused the necessary injury to maintain a declaratory judgment action. Our doctrines of standing and aggrievement obligate us to avoid adjudicating rights in a vacuum." Id. Because the plaintiffs' claim had necessarily to be predicated on the substantive rights of § 12-119, the declaratory judgment action was barred by the one year statute of limitations. Id., 121–22. In the cases presently before this court,

---

[5] Under the predecessor statute, our Supreme Court stated, claims had to fall into one of two categories: (1) a tax laid on property not taxable in the municipality where the realty was situated; or, (2) a manifestly excessive assessment that could not have been arrived at except by disregarding statutory provisions for determining valuation. *Wilson* v. *Kelley*, supra, 224 Conn. 118–19. The plaintiffs in *Wilson* did not claim that they fell into the first category and, thus, necessarily had to fall within the second category.

the parties agree that the cause of action on which AFSCME's complaint is grounded is an alleged breach of contract under the plan. One of the essential elements of such an action is damages. *Rosato* v. *Mascardo*, 82 Conn. App. 396, 411, 844 A.2d 893 (2004).[6] Clearly, the plaintiffs here must prove damages in these declaratory judgment actions to satisfy the requirement of *Wilson* because the declaratory judgment statute and rules do not create substantive rights not otherwise existing. The governing complaint in the present actions makes no claim for damages, and the plaintiffs have previously stated that they do not seek monetary damages.

The plaintiffs refute this claim by citing General Statutes § 52-29 (a), which provides in relevant part: "The Superior Court in any action or proceeding may declare rights and other legal relations on request for such a declaration, *whether or not further relief is or could be claimed. . . .*" (Emphasis added.); see also Practice Book § 17-56 (2) (prayer for relief shall state with precision the declaratory judgment desired, and "no claim for consequential relief need be made"). The plaintiffs assert that they may maintain the present actions because all three of the requirements of Practice Book § 17-55 have been met. First, they have an interest by reason of danger of loss or of uncertainty as to their rights. Second, there is an actual bona fide and substantial issue in dispute and substantial uncertainty of legal relations requiring settlement between the parties. Third and finally, there is not another proceeding that provides them with immediate redress.

The cases cited by the plaintiffs are not persuasive. *Lipson* v. *Bennett*, 148 Conn. 385, 171 A.2d 83 (1961), is cited for the need to allege a substantial controversy

---

[6] Anthem cites Superior Court decisions for the proposition that damages must be *pleaded* to state this cause of action, although this court finds no appellate authority for that proposition.

or uncertainty of legal relations requiring settlement between the parties. The parties presently before this court do not dispute that requirement, but they do dispute whether one exists here. In *Lipson*, the plaintiff sought a declaratory judgment regarding "the nature and extent of the rights of the parties with respect to a pond located on their properties." Id., 386. In affirming the trial court's rendering of judgment in favor of the defendants, our Supreme Court concluded that there was not a justiciable claim. To state a cause of action, there "should be an assertion in the pleadings by one party of a legal relation or status or right *in which he has a definite interest* . . . thus setting forth a substantial dispute." (Emphasis added.) Id., 389.

In the present case, both counts of paragraph eleven of the complaint assert that the current employees or retirees have "an interest in the stock or the cash." Even were the court to read that assertion so as to imply a legal entitlement, the allegation fails both as too vague and a legal conclusion unsupported by facts. The indefiniteness of the right asserted is evident in the language used in the declaration sought; "whether" plaintiffs' bargaining unit employees and retirees have such right. As the plaintiffs stated in their brief: "The plaintiffs have alleged facts showing the existence of a substantial controversy or uncertainty of legal relations; to wit: whether the [plaintiffs'] bargaining unit employees and retirees or the defendants were the [e]ligible [s]tatutory [m]embers entitled to a distribution." In the absence of an assertion of a "substantial dispute" as that term is interpreted under both *Wilson* v. *Kelley*, supra, 224 Conn. 115, and *Lipson* v. *Bennett*, supra, 148 Conn. 389, the requirements of Practice Book § 17-55 are not established.

The requested declaration also cannot provide the plaintiffs practical relief. "A declaratory judgment may be employed only in solving a justiciable controversy." *Lipson* v. *Bennett*, supra, 148 Conn. 389. This court is

not asked to resolve or to settle the claims of the plaintiffs' employees-retirees; that is left to another proceeding on another day. As it was stated in the transcript: "In this case, all we're looking for is to say that the employees who had this insurance were the eligible statutory members." A court may refuse to hear a case seeking a declaration as to the existence of a fact when, even if that fact is found, the rights of the parties will still be uncertain or necessary issues are left to another proceeding. See, e.g., *Sturtevant* v. *Sturtevant*, 146 Conn. 644, 153 A.2d 828 (1959). As the plaintiffs stated in their brief: "If this [court] ultimately finds that plaintiffs have a right, the . . . employees and retirees may seek those funds by a separate action." Given the plaintiffs' presentation of their claim, what is sought is an advisory opinion. "[T]he declaratory judgment procedure may not be utilized merely to secure advice on the law." (Internal quotation marks omitted.) *Wilson* v. *Bennett*, supra, 224 Conn. 121.

The plaintiffs cite *ABB Automation, Inc.* v. *Zaharna*, 77 Conn. App. 260, 823 A.2d 340 (2003), for the proposition that a complaint is sufficient even when damages are not sought. The plaintiff in *ABB Automation, Inc.*, sought a determination as to the validity and enforceability of specific compensation, benefits and pension provisions of the defendant's employment agreement. Our Appellate Court reversed the trial court's dismissal on the finding that there was no subject matter jurisdiction because the allegations were too conclusory to establish an actual dispute. Id., 267. The court decided only that for the purpose of determining subject matter jurisdiction on a motion to dismiss, allegations based " 'on information and belief' " were sufficient under the circumstances to demonstrate the existence of an actual dispute. The court never addressed damages.[7]

---

[7] The court acknowledged a proceeding between the parties pending in another state without a reference to damages.

The plaintiffs before this court ignore that in *ABB Automation, Inc.,* the only parties to the employment agreement were there before the court, and the determination of the validity and enforceability of the identified provisions offered practical relief by way of settlement of the actual disputes between the parties. Here, the court can provide no practical relief; the plaintiffs concede they sustained no direct injury and they ask no redress.[8]

In declaratory judgment actions, "since the remedy sought is prospective, the right to such relief is determined" in light of the particular circumstances involved in each case. *Edward Balf Co.* v. *East Granby,* 152 Conn. 319, 323, 207 A.2d 58 (1952). A fair reading of counts one and two of paragraph four of the complaint is that the defendant municipalities and political subdivisions, from June 18 to November 2, 2001, offered employees and retirees health insurance under various policies issued by Anthem, and some employees and retirees chose to purchase that coverage. The declaration the plaintiffs seek would, assuming arguendo, an affirmative response to the inquiry, establish only that Anthem wrongfully distributed stock to the municipal defendants. Left for another proceeding on another day (in another forum, perhaps) is the determination of who, specifically, among a larger class of employees and retirees, elected such coverage, the amount and value of the stock those persons should have received and the form of relief.

### III

### CONCLUSION

The absence of an actual bona fide and substantial dispute regarding the parties' legal rights, together with the court's inability to afford prospective relief, dictates a finding that the complaint is legally insufficient. A

---

[8] It is unnecessary here to review the representational standing issue raised earlier.

legally cognizable claim for breach of contract here also does not lie in the absence of a claim for damages.

Anthem's motions to strike are, therefore, granted as to both counts.