## CADLE COMPANY *v.* DAVID D'ADDARIO ET AL.
### (AC 28948)

Bishop, Gruendel and Foti, Js.

Argued September 15—officially released October 28, 2008

*Michael G. Albano*, for the appellant (plaintiff).

*Gary S. Klein*, with whom was *Susan R. Briggs*, for the appellees (defendants).

*Opinion*

BISHOP, J. The plaintiff, the Cadle Company, appeals from the judgment of dismissal rendered by the trial court in favor of the defendants, David D'Addario and

Lawrence D'Addario, both individually and as executors of the estate of F. Francis D'Addario (decedent). The court dismissed the plaintiff's claims for lack of subject matter jurisdiction on the basis of its determination that the claims were unripe for adjudication. We affirm the judgment of the trial court.

The following procedural history is relevant to the resolution of the plaintiff's appeal. The decedent died in 1986, and the defendants were appointed executors of his estate. Subsequently, on September 23, 1994, the plaintiff purchased a promissory note from a creditor of the decedent and filed a notice of a claim in excess of $1 million against the decedent's estate. The plaintiff's claim is still pending in the Probate Court.[1]

In July 2006, the plaintiff filed this action in seven counts alleging breach of fiduciary duty, self-dealing, unjust enrichment, conversion, statutory theft and violation of the Connecticut Unfair Trade Practices Act; General Statutes § 42-110a et seq.; and seeking an accounting pursuant to General Statutes § 52-401. On August 21, 2006, the defendants moved to dismiss the complaint on the grounds that the plaintiff lacks standing to bring this action and that its claims are not yet ripe for review. In a memorandum of decision filed April 12, 2007, the court determined that although the plaintiff had standing, it was premature for the plaintiff to bring this action without the resolution of its underlying probate claim. The court, therefore, dismissed the plaintiff's claims for lack of subject matter jurisdiction. In a supplemental memorandum of decision issued in response to the plaintiff's motion to reargue, the court reiterated its conclusion that the plaintiff's claims were not ripe for adjudication.[2] This appeal followed.

[1] There is also currently pending in the Superior Court an action on the probate claim pursuant to General Statutes § 45a-400.

[2] In its supplemental memorandum of decision, the court held that the plaintiff's claim for an accounting should be dismissed on the additional ground that it had failed to allege that it had previously requested an account-

"[J]usticiability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction and its competency to adjudicate a particular matter." *Office of the Governor* v. *Select Committee of Inquiry*, 271 Conn. 540, 569, 858 A.2d 709 (2004). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . Finally, because an issue regarding justiciability raises a question of law, our appellate review is plenary." (Citations omitted; internal quotation marks omitted.) Id., 568–69.

"A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction." *Mayer* v. *Biafore, Florek & O'Neill*, 245 Conn. 88, 91, 713 A.2d 1267 (1998). "[B]ecause an issue regarding justiciability raises a question of law, our appellate review [of the defendants' ripeness claim] is plenary." *Office of the Governor* v. *Select Committee of Inquiry*, supra, 569.

"[T]he rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . . Accordingly, in determining whether a case is ripe, a trial court must be satisfied

ing and that its request had been refused. In its brief, the plaintiff contends that this amounted to an improper sua sponte striking of its accounting claim. At oral argument before this court, however, the plaintiff conceded that the court had already dismissed all of its claims, including the accounting claim, as unripe, and that the supplemental decision merely added language that was not necessary to the dismissal of that count. The plaintiff agreed, therefore, that it was proceeding on the basis that all of its claims were dismissed.

that the case before [it] does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." (Citation omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 86–87, 952 A.2d 1 (2008).

In this case, the existence of the plaintiff's injury is contingent on a determination of the priorities of the creditors of the decedent's estate, the final settlement of the estate and the absence of sufficient funds in the estate to satisfy the plaintiff's claim. In other words, any injury sustained by the plaintiff stemming from the allegations of the defendants' misconduct are, at this point, hypothetical.[3] This case is distinguishable from those cases in which only the amount of damages is in question, thereby affecting the plaintiff's ability to prove its case, and not the court's jurisdiction. In those cases, in which the injury had already occurred, the only questions were whether there would be damages and their extent. See id., 85–90 (although exact amount of plaintiff's damages uncertain, because it was clear there was no way plaintiff could recover entirety of its debt as sought in complaint, plaintiff had sustained *some* damages); *Cumberland Farms, Inc.* v. *Groton*, 247 Conn. 196, 211–14, 719 A.2d 465 (1998) (plaintiff's inverse condemnation action ripe despite potential of success of administrative appeal from taking of its land because it would still be entitled to some compensation for temporary taking it had suffered during pendency of that appeal); *Mayer* v. *Biafore, Florek & O'Neill*, supra, 245 Conn. 88 (judicial determination that action barred by statute of limitations not necessary to justiciability of legal malpractice claim because injury already occurred); *Weiner* v. *Clinton*, 100 Conn. App. 753, 757–

---

[3] We note that because the plaintiff's claim for an accounting in the Superior Court pursuant to General Statutes § 52-401 is predicated on its claims regarding the defendants' misconduct, it, too, is premature.

63, 919 A.2d 1038 (despite pending appeal, injury of default judgment allegedly caused by legal negligence already occurred, thereby making malpractice matter ripe for adjudication), cert. denied, 282 Conn. 928, 926 A.2d 669 (2007). Here, because the estate remains open and there is no allegation that the estate is insolvent, it is impossible to ascertain whether the plaintiff has sustained any injury as a result of the defendants' alleged misconduct. Accordingly, the court properly determined that the plaintiff's claims were premature and dismissed them for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.