******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ENRICO MANGIAFICO *v.* TOWN OF FARMINGTON
(AC 37976)

Alvord, Keller and Beach, Js.

*Argued January 3—officially released May 16, 2017*

(Appeal from Superior Court, judicial district of Hartford, Robania, J. [motion to dismiss] Scholl, J. [judgment].)

*Kenneth R. Slater, Jr.*, with whom, on the brief, was *Kelly C. McKeon*, for the appellant (defendant).

*Jon L. Schoenhorn*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, the town of Farmington (town), appeals from the judgment rendered by the trial court, *Scholl, J.*, in favor of the plaintiff, Enrico Mangiafico, on his "Petition to Reopen Assessment." The plaintiff's petition challenged the town's issuance of various citations for violations of the town's blight ordinance. On appeal, the town claims that the court, *Robaina, J.*, improperly (1) denied its motion to dismiss the plaintiff's action for lack of subject matter jurisdiction, and (2) determined that the town was judicially estopped from arguing that the plaintiff's claims were not ripe for adjudication because it had taken an inconsistent position in a prior action between the parties.[1] We agree with the town's claims and, accordingly, remand the case to the trial court with direction to dismiss the plaintiff's action.

The following facts, as either alleged in the petition or undisputed by the parties,[2] and procedural history are relevant to the resolution of the claims on appeal. The plaintiff's residence, located on Lakeview Drive in Farmington, suffered extensive damage prior to 2009, rendering it uninhabitable for a lengthy period of time. Delays in rebuilding were occasioned by his insurance carrier. He filed an action against the carrier, and they reached a settlement in August, 2011. In July, 2012, a group of residents in the plaintiff's neighborhood filed a complaint with the town manager concerning the appearance of the plaintiff's property. Shortly thereafter, a town official notified the plaintiff of the complaint.

Prior to 2012, the town adopted chapter 88 of the Code of the Town of Farmington (code) as one of its municipal ordinances. The provisions of chapter 88 address vacant blighted buildings that adversely affect property values within the town and that threaten the health, safety and general welfare of its residents (blight ordinance). Section 88-4 of the blight ordinance sets forth procedures for placing properties on a blighted property list. The ordinance further allows the town manager, or his designee, to issue citations and to impose a penalty of not more than $100 per day for violations of the blight ordinance. Section 88-5 of the blight ordinance and chapter 91 of the code, titled "citation hearing procedure," provide property owners with an administrative procedure for contesting liability for the blight citations and assessments.[3]

On August 14, 2012, the town council voted to add the plaintiff's property to the town's blighted property list. The town issued citations and imposed fines from September 4 through October 15, 2012, in the amount of $4000. At a hearing held on October 15, 2012, the building citation hearing officer reduced the amount of the plaintiff's fines to $2000 and entered an assessment

in that amount. When the plaintiff failed to pay the assessed fines, the town placed a municipal real estate lien on the plaintiff's property.

Subsequently, the town issued additional citations and imposed fines of $100 per day from January 1 to February 19, 2013. The amount of those fines totaled $4700. The town placed a second municipal real estate lien on the plaintiff's property for his failure to pay the $4700 assessed by the hearing officer on February 21, 2013. Instead of appealing the assessments entered by the hearing officer to the Superior Court through the administrative procedure set forth in the code and General Statutes § 7-152c (g),[4] the plaintiff brought an action alleging a violation of his due process rights and a taking under the federal and state constitutions, and the intentional infliction of emotional distress. He sought declaratory and injunctive relief, damages, and a discharge of the municipal real estate liens. Judge Scholl granted the town's motion to dismiss four of the five counts of the plaintiff's complaint on the ground that he failed to exhaust his administrative remedies. Judge Scholl granted the town's motion for summary judgment on the remaining count after concluding that the plaintiff could not collaterally attack the validity of the assessments underlying the municipal real estate liens. The plaintiff appealed, and we affirmed the judgment of the trial court. See *Mangiafico* v. *Farmington*, 173 Conn. App. 158, A.3d (2017).

On various dates between September 9, 2013, and May 27, 2014, the town again issued citations and imposed fines of $100 per day for the plaintiff's alleged violations of the town's blight ordinance. The fines totaled $25,800. The plaintiff requested a hearing before the building citation hearing officer in order to challenge the factual and legal basis for the citations. By letter dated September 8, 2014, the town informed the plaintiff that his request for a hearing was "premature" because the town had not sent him a notice regarding the issued citations, pursuant to § 88-5 (B) of the code,[5] which would commence enforcement of the issued citations. The letter concluded: "If the Town chooses to pursue enforcement of such citations, notice will be issued in accordance with the ordinance."

On October 6, 2014, the plaintiff commenced the present action against the town, seeking judicial review of the town's "alleged assessment" pursuant to § 7-152c,[6] General Statutes § 7-148aa[7] and Practice Book § 23-51.[8] On October 31, 2014, the town filed a motion to dismiss the plaintiff's action "because the claims set forth therein are not ripe for adjudication and the statutory requirements to enable a Practice Book § 23-51 hearing have not been met. As a result, the [trial court] lacks subject matter jurisdiction to hear this case." In support of its motion, the town filed a memorandum of law and an affidavit by Kathleen A. Eagan, the town manager.

In her affidavit, the town manager attested that no notices for any of the citations at issue had been sent to the plaintiff pursuant to § 7-152c (c),[9] that no hearing officer had been appointed in this matter, that no assessments had been entered with respect to any of the citations at issue, and that no municipal blight liens had been recorded by the town regarding those citations.

The plaintiff filed an opposition to the town's motion to dismiss on December 1, 2014. The plaintiff argued that the matter was "ripe for review," and that, in any event, the town "should be precluded from arguing the absence of ripeness . . . due to judicial estoppel as a result of the contrary argument it made regarding the right to a de novo hearing in a pending 2013 action involving a different set of citations, where it successfully precluded even an injunction, based upon its assurances to the court that the plaintiff possessed the right to bring a challenge pursuant to § 7-152c." By order issued February 10, 2015, Judge Robaina denied the town's motion to dismiss. The notice of the denial provided: "The [town's] position is inconsistent with its prior argument in *Mangiafico* v. *Town of Farmington* [Docket No.] CV-13-6045140-S, which was adopted by the court." On May 1, 2015, Judge Scholl rendered judgment in favor of the plaintiff without trial.[10] This appeal followed.

I

The town's first claim is that Judge Robaina improperly denied its motion to dismiss for lack of subject matter jurisdiction. The town argues that the matter was not ripe for adjudication because the plaintiff was not entitled to a hearing before the building citation hearing officer until after the town began enforcement proceedings with respect to the issued citations by sending the plaintiff a notice pursuant to § 7-152c (c). A notice pursuant to § 7-152c (c) would provide the plaintiff with the opportunity to request a hearing to contest liability. Following the hearing, the hearing officer would enter an assessment. The plaintiff, if dissatisfied, could then appeal from the assessment to the Superior Court pursuant to § 7-152c (g).[11]

Before addressing the town's claims on appeal, we first address an issue raised by the plaintiff in his appellate brief and during oral argument before this court. The plaintiff claims that the town's appeal is moot because the town did not send a notice to the plaintiff pursuant to § 7-152c (c) within twelve months from the expiration of the final period for the uncontested payment of fines; see General Statutes § 7-152c (d); and, therefore, a hearing officer cannot enter assessments for the citations at issue in this appeal. Because the town did not pursue the enforcement of those citations within the requisite time period, the plaintiff argues that the town "forfeited any right in the future to schedule a hearing or collect any of these fines, and neither this

court nor the Superior Court can render a judgment in its favor.”

“Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . Mootness . . . rais[es] a question of law over which we exercise plenary review.” (Citation omitted; internal quotation marks omitted.) *Batchelder* v. *Planning & Zoning Commission*, 133 Conn. App. 173, 180, 34 A.3d 465, cert. denied, 304 Conn. 913, 40 A.3d 319 (2012).

In the present case, the town appeals from Judge Robaina’s February 10, 2015 denial of its motion to dismiss for lack of subject matter jurisdiction. That interlocutory ruling was not immediately appealable. “The general rule is that the denial of a motion to dismiss is an interlocutory ruling and, therefore, is not a final judgment for purposes of appeal.” (Internal quotation marks omitted.) *Cimmino* v. *Marcoccia*, 149 Conn. App. 350, 354 n.4, 89 A.3d 384 (2014). Accordingly, the town was required to wait until Judge Scholl rendered judgment in favor of the plaintiff on May 1, 2015, to bring its appeal. The town’s issues on appeal are addressed solely to Judge Robaina’s denial of its motion to dismiss. If we agree with the town’s claims, which we do, there is practical relief that we can provide. By remanding the case to the trial court with direction to grant the motion to dismiss, and vacating the judgment rendered by Judge Scholl, the town is afforded its remedy. Even though the town may be time-barred from pursuing assessments for the citations at issue in this appeal, our decision will eliminate the judgment against it from which claims of res judicata or collateral estoppel might be asserted in subsequent proceedings between the parties, if any.[12] We conclude that the town’s appeal is not moot.

We now address the town’s first claim that Judge Robaina should have granted its motion to dismiss the plaintiff’s action for lack of subject matter jurisdiction because his claims were not ripe for adjudication.[13] “A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . When a

. . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 117, 891 A.2d 106 (2006).

The town argues that the plaintiff's claims in its petition were not justiciable because no assessments had been entered by a hearing officer and, therefore, the claims were not ripe for adjudication. The issue of ripeness implicates the court's subject matter jurisdiction. *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 85, 952 A.2d 1 (2008); *Hamilton* v. *United Services Automobile Assn.*, 115 Conn. App. 774, 781, 974 A.2d 774, cert. denied, 293 Conn. 924, 980 A.2d 910 (2009). "[J]usticiability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction and its competency to adjudicate a particular matter. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . Finally, because an issue regarding justiciability raises a question of law, our appellate review is plenary." (Citation omitted; internal quotation marks omitted.) *Cadle Co.* v. *D'Addario*, 111 Conn. App. 80, 82, 957 A.2d 536 (2008).

"[T]he rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . . Accordingly, in determining whether a case is ripe, a trial court must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." (Internal quotation marks omitted.) Id., 82–83. "[R]ipeness is a sine qua non of justiciability . . . ." (Internal quotation marks omitted.) *Milford Power Co., LLC* v. *Alstom Power, Inc.*, 263 Conn. 616, 624, 822 A.2d 196 (2003).

In the present case, there is a statutory procedure for contesting liability for assessments entered by a hearing officer for blight ordinance violations. As previously noted, the provisions set forth in chapters 88 and 91 of the code are the same in all material respects to the provisions set forth in § 7-152c. We must determine whether the plaintiff followed the requisite administrative procedure when he filed his "Petition to Reopen Assessment" in the Superior Court. "Appeals

to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by *strict compliance* with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Emphasis in original; internal quotation marks omitted.) *Lawson* v. *Commissioner of Motor Vehicles*, 134 Conn. App. 614, 619, 39 A.3d 1174, cert. denied, 305 Conn. 914, 47 A.3d 388 (2012).

General Statutes § 7-148 (c) (7) (H) (xv) grants a municipality the power to make and enforce regulations for the prevention and remediation of housing blight and to prescribe civil penalties for the violation of such regulations of not less than ten or more than $100 for each day that a violation continues. If such civil penalties are prescribed, the municipality must adopt a citation hearing procedure in accordance with the statutory requirements of § 7-152c. Pursuant to that statutory authorization, the town enacted chapters 88 and 91 of the code.

The town council voted to add the plaintiff's property to the town's blighted property list. Thereafter, the town issued citations and imposed fines of $100 per day for the plaintiff's alleged violations of the town's blight ordinance. With respect to citations issued prior to September 9, 2013, the town commenced enforcement proceedings by sending the plaintiff written notice pursuant to § 7-152c (c). See footnote 9 of this opinion. The plaintiff did not opt to admit liability pursuant to § 7-152c (d). See footnote 11 of this opinion. Instead, the plaintiff requested hearings, a hearing officer was appointed, and the hearing officer entered assessments. The plaintiff failed to appeal those assessments through the administrative procedure set forth in the code and § 7-152c (g). See *Mangiafico* v. *Farmington*, supra, 173 Conn. App. 158. The town placed liens on the plaintiff's property when he failed to pay those assessments. See footnote 7 of this opinion.

The citations and fines at issue in this appeal are those imposed on various dates between September 9, 2013, and May 27, 2014. Unlike the previous citations, however, the town did not send the plaintiff a notice pursuant to § 7-152c (c), which would have commenced enforcement proceedings. The town had twelve months from the expiration of the period for the uncontested payment of the imposed fines in which to send the plaintiff a notice informing him of the allegations against him, the amount of the fines due, his ability to contest liability before a citation hearing officer, and, upon failure to request a hearing, the entering of assessments against him. Id. That notice never was sent. Accordingly, following the expiration of the time period set forth in § 7-152c (c), the town lost its ability to seek assessments and enforce the citations issued between

September 9, 2013, and May 27, 2014.

Nevertheless, even though he had not received a § 7-152c (c) notice, the plaintiff requested a hearing to contest liability. The town responded in its September 8, 2014 letter that the plaintiff's request for a hearing was premature because the town had not commenced enforcement proceedings. The plaintiff then brought the present action by filing a petition to reopen assessments pursuant to § 7-152c (g). That statutory provision, however, provides for an appeal from "an assessment [that] has been entered . . . ." Here, no hearing officer had been appointed and no assessments had been entered.[14] The plaintiff did not comply with the statutory administrative procedure and, accordingly, the Superior Court lacked jurisdiction over his administrative appeal.

The plaintiff's claims, as set forth in his petition, were not ripe for adjudication because they were contingent upon an event that never transpired. The town did not seek enforcement of the citations at issue and the time for doing so has expired.[15] The plaintiff's claims, therefore, are not justiciable, the trial court lacked jurisdiction to entertain them, and the court should have granted the town's motion to dismiss.

The plaintiff argues, however, that the town should be judicially estopped from raising a ripeness claim because it took inconsistent positions with respect to enforcement of the citations issued and fines imposed prior to September 9, 2013. See *Mangiafico* v. *Farmington*, supra, 173 Conn. App. 158. "Typically, judicial estoppel will apply if: 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel. . . . We further limit judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain." (Internal quotation marks omitted.) *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 170, 2 A.3d 873 (2010).

In Judge Robaina's ruling denying the town's motion to dismiss, he stated: "The [town's] position is inconsistent with its prior argument in *Mangiafico* v. *Town of Farmington* [Docket No.] CV-13-6045140-S, which was adopted by the court." The town claims that that determination was erroneous, and we agree. As discussed previously in this opinion, the prior proceeding was procedurally different because the town sent the plaintiff a § 7-152c (c) notice and, thereby, commenced enforcement proceedings against him. The plaintiff requested hearings, a hearing officer was assigned, and the hearing officer entered assessments. Accordingly, an appeal pursuant to § 7-152c (g) would have been appropriate to contest those assessments. Here, with respect to the citations at issue, the town did not com-

mence enforcement proceedings with a § 7-152c (c) notice, a hearing officer was not assigned to review those citations, and no assessments were entered by a hearing officer. Therefore, the town's claim that the appeal procedure set forth in § 7-152c (g) was not available under these circumstances was correct and was not inconsistent with its prior position.

The judgment in favor of the plaintiff is vacated and the case is remanded with direction to grant the defendant's motion to dismiss and to render judgment dismissing the plaintiff's action.

In this opinion the other judges concurred.

[1] See our decision in the plaintiff's related appeal, which was released on the same date as this opinion. *Mangiafico* v. *Farmington*, 173 Conn. App. 158,    A.3d    (2017).

[2] "[L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (Internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 651, 974 A.2d 669 (2009).

[3] The procedures for challenging assessments for blight violations, as set forth in chapters 88 and 91 of the code, are the same in all material respects to the provisions set forth in General Statutes § 7-152c, titled "Hearing procedure for citations."

[4] See footnote 6 of this opinion.

[5] Section 88-5 (B) of the code is the same in all material respects to the provisions set forth in General Statutes § 7-152c (c). See footnote 9 of this opinion.

[6] General Statutes § 7-152c (g) provides: "A person against whom an assessment has been entered pursuant to this section is entitled to judicial review by way of appeal. An appeal shall be instituted within thirty days of the mailing of notice of such assessment by filing a petition to reopen assessment, together with an entry fee in an amount equal to the entry fee for a small claims case pursuant to [General Statutes §] 52-259, at a superior court facility designated by the Chief Court Administrator, which shall entitle such person to a hearing in accordance with the rules of the judges of the Superior Court."

[7] General Statutes § 7-148aa provides: "Any unpaid penalty imposed by a municipality pursuant to the provisions of an ordinance regulating blight, adopted pursuant to subparagraph (H) (xv) of subdivision (7) of subsection (c) of section 7-148, shall constitute a lien upon the real estate against which the penalty was imposed from the date of such penalty. Each such lien may be continued, recorded and released in the manner provided by the general statutes for continuing, recording and releasing property tax liens. Each such lien shall take precedence over all other liens filed after July 1, 1997, and encumbrances except taxes and may be enforced in the same manner as property tax liens."

[8] Practice Book § 23-51 provides: "(a) Any aggrieved person who wishes to appeal a parking or citation assessment issued by a town, city, borough or other municipality shall file with the clerk of the court within the time limited by statute a petition to open assessment with a copy of the notice of assessment annexed thereto. A copy of the petition with the notice of assessment annexed shall be sent by the petitioner by certified mail to the town, city, borough or municipality involved.

"(b) Upon receipt of the petition, the clerk of the court, after consultation with the presiding judge, shall set a hearing date on the petition and shall notify the parties thereof. There shall be no pleadings subsequent to the petition.

"(c) The hearing on the petition shall be de novo. There shall be no right to a hearing before a jury."

[9] General Statutes § 7-152c (c) provides in relevant part: "Any such municipality, at any time within twelve months from the expiration of the final period for the uncontested payment of fines, penalties, costs or fees for any citation issued under any ordinance adopted pursuant to section 7-148 . . . for an alleged violation thereof, shall send notice to the person cited. Such

notice shall inform the person cited: (1) Of the allegations against him and the amount of the fines, penalties, costs or fees due; (2) that he may contest his liability before a citation hearing officer by delivering in person or by mail written notice within ten days of the date thereof; (3) that if he does not demand such a hearing, an assessment and judgment shall be entered against him; and (4) that such judgment may issue without further notice. . . ."

[10] The parties agree that the town presented no evidence on May 1, 2015, which was the scheduled date of the hearing on the plaintiff's petition.

[11] A cited person also has the option of admitting liability pursuant to § 7-152c (d). General Statutes § 7-152c (d) provides in relevant part: "If the person who is sent notice pursuant to subsection (c) of this section wishes to admit liability for any alleged violation, he may, without requesting a hearing, pay the full amount of the fines, penalties, costs or fees admitted to in person or by mail to an official designated by such municipality. Such payment shall be inadmissible in any proceeding, civil or criminal, to establish the conduct of such person or other person making the payment. Any person who does not deliver or mail written demand for a hearing within ten days of the date of the first notice provided for in subsection (c) of this section shall be deemed to have admitted liability, and the designated municipal official shall certify such person's failure to respond to the hearing officer. The hearing officer shall thereupon enter and assess the fines, penalties, costs or fees provided for by the applicable ordinances . . . ."

[12] Moreover, even if we were to conclude that the appeal is now moot, we agree with the town's argument that the order it seeks to have reviewed is "capable of repetition, yet evading review." *Loisel* v. *Rowe*, 233 Conn. 370, 660 A.2d 323 (1995). "First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance." Id., 382.

[13] The plaintiff argues that we should decline to review the town's claim because it did not provide an adequate record on appeal. According to the plaintiff, the town should have provided a transcript of the May 1, 2015 proceeding wherein Judge Scholl rendered judgment for the plaintiff without trial. We are not persuaded. The town appeals solely from Judge Robaina's rulings on its motion to dismiss. It is a jurisdictional issue, i.e., a question of law over which we exercise plenary review. Accordingly, the record is adequate for review of the town's claim.

[14] The statute expressly provides that it is the citation hearing officer who enters the assessments for the ordinance violations. See General Statutes § 7-152c (d), (e), and (f).

[15] The plaintiff seems to argue that the town was somehow required to send the § 7-152c (c) notice in order to "grant him an opportunity to contest" the citations. Similar arguments have failed when a party has argued that a town is required to institute actions or proceedings to enforce its zoning regulations. See *Greenfield* v. *Reynolds*, 122 Conn. App. 465, 472–73, 1 A.3d 125 (enforcement of zoning regulations is a discretionary act), cert. denied, 298 Conn. 922, 4 A.3d 1226 (2010). Simply put, the statutory provisions of § 7-152c do not require the town to commence enforcement proceedings on all issued citations. If, as argued by the plaintiff, the procedure is unfair, it is within the province of the legislature to amend the statutory provisions.