******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ROCCO ORLANDO *v.* ERNEST LIBURD
## (AC 46295)

Alvord, Suarez and Westbrook, Js.

*Syllabus*

The plaintiff, O, sought to recover damages from the defendant, L, arising out of a motor vehicle accident. At the time of the accident, O was insured by N Co., and N Co. paid to repair the damage to O's vehicle that resulted from the accident. In O's action against L, O sought damages for, inter alia, the diminished value of his vehicle. L moved to implead N Co. as a third-party defendant and filed a third-party complaint against N Co., alleging that his insurer had tendered his full policy limit to N Co. O filed an amended complaint that purported to assert apportionment claims against N Co. The court granted N Co.'s motion for a judgment of nonsuit against L. Less than four months before jury selection was scheduled, O requested leave to amend his complaint, which the court denied. Subsequently, the court granted N Co.'s motion to strike counts of the operative complaint, including a count sounding in unjust enrichment. On O's appeal to this court, *held*:

1. O could not prevail on his claim that the trial court improperly denied his request for leave to amend his complaint, O having failed to demonstrate that the court abused its discretion in denying his request: the court's denial did not prevent O from curing alleged pleading deficiencies with respect to the counts initially pleaded because O had the opportunity to cure such deficiencies when he filed a third amended complaint two months later; moreover, although O could not properly assert the additional causes of action in the subsequent amended complaints he filed, the court found that he had had an opportunity to assert those causes of action in prior requests to amend the complaint and failed to do so; furthermore, the court also found that permitting the proposed amendment would considerably delay the proceedings in light of the upcoming trial date, despite the fact that the parties were still in the pleading stage of litigation.

2. O could not prevail on his claim that the trial court improperly dismissed his unjust enrichment count against N Co. for lack of subject matter jurisdiction:

a. O's unjust enrichment claim against N Co. was not ripe for adjudication as it was contingent on whether and to what extent O could recover against L as well as whether L would be able to satisfy the hypothetical judgment; moreover, because O's claim against L has yet to be adjudicated and liability, if any, for the alleged loss determined, and there was no allegation that L was insolvent, it was impossible to ascertain whether O would sustain any compensatory injury as a result of N Co.'s alleged misconduct.

b. The trial court properly decided the issue of subject matter jurisdiction on the basis of the operative complaint alone and did not improperly fail to consider evidence O presented regarding ripeness: O's proffered exhibits were copies of emails unaccompanied by any affidavit or other undisputed evidence as required by the applicable rule of practice (§ 10-31); moreover, even considering O's exhibits, they were not sufficient to render his claim against N Co. ripe for adjudication, as O's claim against N Co. was wholly contingent on O obtaining a judgment against L and L being unable to satisfy the hypothetical judgment.

Argued May 29—officially released September 10, 2024

*Procedural History*

Action to recover damages for the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Cobb, J.*, granted the defendant's motion to implead Nationwide Mutual Insurance Company as a third-party defendant; thereafter, the named defendant filed a third-party complaint against Nationwide Mutual Insurance Company; subsequently, the plaintiff filed an amended complaint; thereafter, the court, *Rosen, J.*, granted the third-party defendant's motion for nonsuit against the named defendant and rendered judgment thereon; subsequently, the court, *Rosen, J.*, denied the plaintiff's request to file an amended complaint; thereafter, the court, *Rosen, J.*, granted the third-party defendant's motion to strike; subsequently, the plaintiff filed an amended complaint; thereafter, the court, *Sicilian, J.*, granted the third-party defendant's motion to strike and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Matthew J. Forrest*, with whom, on the brief, was *James R. Brakebill*, for the appellant (plaintiff).

*Andrew P. Barsom*, with whom, on the brief, was *Robert D. Laurie*, for the appellee (third-party defendant).

*Opinion*

WESTBROOK, J. In this action arising out of a motor vehicle accident, the plaintiff, Rocco Orlando, appeals from the judgment of the trial court rendered in favor of the third-party defendant, Nationwide Mutual Insurance Company (Nationwide),[1] on counts three and four of the operative amended complaint and from the court's denial of a motion for leave to amend an earlier complaint.[2] The plaintiff claims that the court improperly (1) denied his request to amend, which prevented him from curing alleged pleading deficiencies and (2) dismissed for lack of subject matter jurisdiction his counts directed against Nationwide because, contrary to the court's conclusion, the claims therein were ripe under the "make whole doctrine."[3] We affirm the judgment of the trial court.

---

[1] The named defendant and third-party plaintiff, Ernest Liburd, has not participated in this appeal.

[2] At the time the court rendered the decision underlying this appeal, counts three and four were the only unresolved counts of the operative complaint directed against Nationwide and, thus, the court's decision, at first blush, appeared to constitute an appealable final judgment in accordance with Practice Book § 61-3. After the initial appeal was filed, however, it became clear that the court had rendered a final judgment only with respect to one of the two counts at issue on appeal, and that the court also had never rendered judgment on a previously stricken count also directed against Nationwide. Prompted by an order of this court, the parties sought and obtained judgment on all stricken counts, and the plaintiff subsequently filed an amended appeal. Accordingly, although the original appeal is dismissed for lack of a final judgment, the amended appeal, which raises the same claims of error, is properly before us. See Practice Book § 61-9; *Haworth Country Club*, *LLC* v. *United Bank*, 226 Conn. App. 665, 668 n.1, A.3d (2024).

[3] In *Fireman's Fund Ins. Co.* v. *TD Banknorth Ins. Agency, Inc.*, 309 Conn. 449, 72 A.3d 36 (2013), our Supreme Court clarified that the make whole doctrine is "sound policy"; id., 457; and "operates as a default rule in Connecticut insurance contracts." Id., 458. It explained the doctrine as follows. First, it recognized the principle that an insurer's right to subrogation "promotes equity by preventing an insured from receiving more than full indemnification as a result of recovering from both the wrongdoer and the insurer for the same loss, which would unjustly enrich the insured." Id., 456. It then explained that, "[if] the amount recoverable from the responsible

The following undisputed facts and procedural history are relevant to our discussion of the plaintiff's amended appeal. On November 6, 2018, the plaintiff was involved in a motor vehicle accident with the defendant, Ernest Liburd. At the time of the accident, the plaintiff was insured by Nationwide, and Nationwide paid to repair the damage to the plaintiff's vehicle that resulted from the accident. On September 23, 2019, the plaintiff commenced the underlying action against Liburd alleging that Liburd negligently struck the plaintiff's vehicle and caused the plaintiff's damages, including diminished value of the plaintiff's vehicle. Liburd moved to implead Nationwide as a third-party defendant, and the court, *Cobb, J.*, granted the motion. On April 20, 2021, Liburd filed a third-party complaint against Nationwide alleging that his insurer had tendered his full policy limit to Nationwide and that Nationwide had misrepresented to him that the plaintiff had been made whole.

On May 13, 2021, the plaintiff filed an amended complaint that purported to assert apportionment claims against Nationwide. On September 17, 2021, the plaintiff filed a second amended complaint. Count one of the second amended complaint asserted a negligence cause of action against Liburd and counts two, three and four asserted causes of action against Nationwide based on negligent misrepresentation, common-law indemnification and unjust enrichment.

On November 22, 2021, the court, *Rosen, J.*, granted Nationwide's motion for a judgment of nonsuit against Liburd for failing to comply with an unopposed request

third party is insufficient to satisfy both the total loss sustained by the insured and the amount the insurer pays on the claim, however, this principle may lead to inequitable results. . . . The make whole doctrine addresses this concern by restricting the enforcement of an insurer's subrogation rights until after the insured has been fully compensated for her injuries, that is . . . made whole." (Citation omitted; internal quotation marks omitted.) Id., 456–57.

that he revise his third-party complaint. See Practice Book § 10-37 (a).[4]

On December 30, 2021, Nationwide moved to strike counts two, three, and four of the second amended complaint noting that the plaintiff's claims against Nationwide were apportionment claims that were entirely reliant on Liburd's allegations in his third-party complaint for which a judgment of nonsuit had been rendered. Nationwide argued that the counts against it should be dismissed or that they asserted only conclusory allegations that were legally insufficient to sustain the causes of action pleaded and, thus, should be stricken.

In response to the motion to strike, on January 27, 2022, less than four months before jury selection was scheduled, the plaintiff requested leave to file a third amended complaint that sought to plead additional causes of action against Nationwide sounding in wrongful subrogation, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and statutory theft in violation of General Statutes § 52-564. The court denied the plaintiff's request, stating: "The proposed third amended complaint is untimely, prejudicial and would unnecessarily delay the trial of this matter. Jury selection is scheduled for May 19, 2022. The proposed third amended complaint seeks to [add] numerous additional causes of action against the defendant Nationwide, which would require further pleading and discovery practice. Moreover, the new causes of action could have been asserted in prior requests to amend the complaint." On March

_____

[4] Practice Book § 10-37 (a) provides in relevant part that a properly served and filed request to revise "shall be deemed to have been automatically granted by the judicial authority on the date of filing and shall be complied with by the party to whom it is directed within thirty days of the date of filing the same, unless within thirty days of such filing the party to whom it is directed shall file objection thereto."

7, 2022, the court granted Nationwide's motion to strike, noting in its order that the plaintiff had consented at oral argument to the granting of the motion.

On March 21, 2022, the plaintiff filed a third amended complaint pursuant to Practice Book § 10-44,[5] and, on April 18, 2022, to correct certain scrivener's errors, filed the operative fourth amended complaint. The operative complaint retained count two as a placeholder, noting parenthetically that it previously had been stricken by the court.[6] Counts three and four of the operative complaint alleged the plaintiff's previously stricken causes of action against Nationwide that purported to sound in unjust enrichment and common-law indemnity, respectively. With respect to count three, the plaintiff alleged that Nationwide was unjustly enriched by its premature subrogation because the plaintiff had not yet been made whole, and that, "[*i*]*f* [Liburd] should be held liable to pay damages to the plaintiff . . . then the plaintiff is entitled to recover from Nationwide for all sums adjudged against [Liburd] in favor of the plaintiff." (Emphasis added.)

On June 2, 2022, Nationwide moved to strike counts three and four of the operative complaint. The plaintiff filed an opposition only as to count three, indicating therein that "[t]he plaintiff does not wish to object to [Nationwide's] motion to strike count four alleging common-law indemnity." The court, *Sicilian, J.*, held oral argument on the motion to strike on September 12, 2022, with the arguments limited to count three of the complaint.

---

[5] Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ."

[6] The plaintiff was not attempting to replead count two and does not challenge in the present amended appeal the court's decision to strike and render judgment on that count.

On September 29, 2022, the court sua sponte raised the issue of ripeness with respect to count three and ordered the parties to brief that issue.[7] Both parties submitted briefs, following which the court granted the motion to strike with respect to count four, noting that the plaintiff had not contested the motion to strike with respect to that count, and dismissed count three of the complaint as not ripe for adjudication. In its memorandum of decision, the court stated that, "[b]y its plain words, the plaintiff's count three asserts a claim contingent upon an event that has not and may never occur. Therefore, the claim is not ripe." This amended appeal followed. See footnote 2 of this opinion. Additional facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly denied his January, 2022 request for leave to amend his second amended complaint. In particular, the plaintiff argues that (1) the proposed amendment would not have prejudiced Nationwide because the parties were still in the pleading stage of litigation, and (2) denying the proposed amendment prejudiced the plaintiff because it prevented him from curing alleged pleading deficiencies and asserting new causes of action against Nationwide.

---

[7] The court's order provided in relevant part: "In paragraph 14 of count three of the fourth amended complaint, the plaintiff alleges: If [Liburd] should be held liable to pay damages to the plaintiff . . . then the [p]laintiff is entitled to recover from Nationwide . . . . It therefore appears that the plaintiff's claim for damages against Nationwide may be unripe and that the court may lack subject matter jurisdiction over the claim. See *Cadle Co.* v. *D'Addario*, 111 Conn. App. 80, 82–83, 957 A.2d 536 (2008) ('in determining whether a case is ripe, a trial court must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire').

"The plaintiff and Nationwide are ordered, within forty-five days of the date of this order, to brief the question whether the court has subject matter jurisdiction over the plaintiff's claim for unjust enrichment against Nationwide."

"Our standard of review of the [plaintiff's] claim is well defined. A trial court's ruling on a motion of a party to amend its complaint will be disturbed only on the showing of a clear abuse of discretion. . . . Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [plaintiff's] burden in this case to demonstrate that the trial court clearly abused its discretion. . . .

"A trial court may allow, in its discretion, an amendment to pleadings before, during, or after trial to conform to the proof. . . . Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) *Rodriguez* v. *Hartford*, 224 Conn. App. 314, 325, 312 A.3d 85, cert. denied, 349 Conn. 907, 313 A.3d 512, and cert. denied, 349 Conn. 907, 313 A.3d 512 (2024); see also *Booth* v. *Park Terrace II Mutual Housing Ltd. Partnership*, 217 Conn. App. 398, 432, 289 A.3d 252 (2023).

In the present case, the plaintiff has failed to demonstrate that the court abused its discretion in denying his request to amend his second amended complaint. The court's denial did not prevent the plaintiff from curing alleged pleading deficiencies with respect to the counts initially pleaded because the plaintiff had the opportunity to cure such deficiencies when he filed the third amended complaint in March, 2022. Moreover, although the plaintiff could not properly assert the six additional causes of action in the third and fourth

amended complaints; see *Stone* v. *Pattis*, 144 Conn. App. 79, 94, 72 A.3d 1138 (2013) ("Practice Book § 10-44 grants the power to amend the portion of a complaint that has been stricken, not the power to revise a complaint entirely"); the court found that he had had an opportunity to assert those causes of action in prior requests to amend the complaint and failed to do so.

The trial court also found that permitting the proposed amendment would considerably delay the proceedings in light of the upcoming trial date, despite the fact that the parties were still in the pleading stage of litigation. See *Rodriguez* v. *Hartford*, supra, 224 Conn. App. 325 (trial court did not abuse its discretion in denying amendment that would considerably delay proceedings). We conclude that the court's ruling did not reflect an abuse of the court's discretion regarding the amendment of pleadings and, accordingly, reject the plaintiff's claim to the contrary.

II

The plaintiff also claims that the court improperly dismissed his unjust enrichment count against Nationwide for lack of subject matter jurisdiction on ripeness grounds. In particular, the plaintiff argues that, contrary to the court's conclusion, the claim was ripe for adjudication because Nationwide's premature subrogation had caused him tangible legal injury under the make whole doctrine. The plaintiff additionally argues that the court improperly failed to consider evidence that he presented regarding ripeness. We disagree with both aspects of the plaintiff's claim.

A

First, we briefly set forth the standard of review and relevant legal principles that govern our review of the plaintiff's argument that his unjust enrichment claim was ripe for adjudication. "[J]usticiability comprises

several related doctrines, namely, standing, *ripeness*, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction and its competency to adjudicate a particular matter. . . . A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction. . . . [B]ecause an issue regarding justiciability raises a question of law, our appellate review [of the plaintiff's ripeness claim] is plenary. . . .

"[T]he rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . . Accordingly, in determining whether a case is ripe, a trial court must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 86–87, 952 A.2d 1 (2008).

In *Cadle Co.* v. *D'Addario*, 111 Conn. App. 80, 81, 957 A.2d 536 (2008), the plaintiff purchased a promissory note from a creditor of a decedent and filed a notice of claim against the decedent's estate. This court, finding that the claim was not ripe for adjudication, stated the following: "[T]he existence of the plaintiff's injury is contingent on a determination of the priorities of the creditors of the decedent's estate, the final settlement of the estate and the absence of sufficient funds in the estate to satisfy the plaintiff's claim. In other words, any injury sustained by the plaintiff stemming from the allegations of the defendants' misconduct are, at this point, hypothetical." Id., 83.

Turning to the present case, similar to the facts in *Cadle Co.*, the plaintiff's unjust enrichment claim

against Nationwide is contingent on a final determination of his claims against Liburd and, if the plaintiff is awarded damages, the absence of sufficient funds from Liburd or his insurer to satisfy the plaintiff's claim. Even if, unlike in *Cadle Co.*, the plaintiff's priority rights may already be determined under the make whole doctrine,[8] the plaintiff's claim against Nationwide is still contingent upon whether and to what extent the plaintiff can recover against Liburd as well as whether Liburd will be able to satisfy the hypothetical judgment.

Additionally, this case is distinguishable from cases in which only the *amount* of damages was in question. See *Chapman Lumber, Inc.* v. *Tager*, supra, 288 Conn. 87–88 (although exact amount of plaintiff's damages was uncertain, because it was clear there was no way plaintiff could recover entirety of its debt as sought in complaint, plaintiff had sustained some damages); *Cumberland Farms, Inc.* v. *Groton*, 247 Conn. 196, 211–14, 719 A.2d 465 (1998) (plaintiff's inverse condemnation action was ripe despite potential of success of administrative appeal from taking of its land because it would still be entitled to some compensation for temporary taking it had suffered during pendency of that appeal); *Mayer* v. *Biafore, Florek & O'Neill*, 245 Conn. 88, 92, 713 A.2d 1267 (1998) (judicial determination that action was barred by statute of limitations was not necessary to justiciability of legal malpractice claim because injury already occurred); *Weiner* v. *Clinton*, 100 Conn. App. 753, 759–60, 919 A.2d 1038 (malpractice matter was ripe despite pending appeal because injury of default judgment allegedly caused by legal negligence already occurred), cert. denied, 282 Conn. 928, 926 A.2d 669 (2007). Here, because the plaintiff's

---

[8] The parties dispute whether the plaintiff has priority rights to Liburd's insurance policy under the make whole doctrine. Because we find that the plaintiff's claim against Nationwide is not ripe for adjudication, we do not reach the merits of this dispute.

claim against Liburd has yet to be adjudicated and liability for the alleged loss determined, and there is no allegation that Liburd is insolvent, it is impossible to ascertain whether the plaintiff will sustain any compensatory injury as a result of Nationwide's alleged misconduct.

Furthermore, the plaintiff's reliance on *Saunders* v. *KDFBS, LLC*, 335 Conn. 586, 239 A.3d 1162 (2020), as authority for his argument that Nationwide's infringement on his priority rights to Liburd's insurance policy is sufficient injury to make his claim ripe, is misplaced. In *Saunders*, our Supreme Court addressed "whether a determination of the priority of mortgages can be challenged in an appeal from the judgment of foreclosure by sale, before the foreclosure sale has taken place, when the priority of the foreclosing plaintiff's mortgage is in dispute." Id., 588. The court held that the priority determination could be appealed because the trial court had conclusively established the parties' priority rights, and the order of priority is essential to foreclosure because bidders at a foreclosure sale need to know the order of the encumbrances to which the property is subject. Id., 603–606.

Here, unlike the foreclosure action in *Saunders*, the court did not conclusively decide which party has priority rights to Liburd's insurance policy. Nor is the dispute over priority rights essential to the determination of the plaintiff's negligence claim against Liburd. To the contrary, determination of the plaintiff's claim against Liburd is necessary before the court can ascertain whether Nationwide has been unjustly enriched by subrogation. The rationale supporting the decision in *Saunders* does not apply here. In short, we reject the plaintiff's claim that count three of his complaint was ripe for adjudication because Nationwide's premature subrogation had caused him tangible legal injury under the make whole doctrine.

B

The plaintiff also argues that the court improperly concluded that his unjust enrichment claim was not ripe because it failed to consider certain evidence presented by the plaintiff. We disagree.

"[L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . [I]f the complaint is supplemented by *undisputed facts* established by affidavits submitted in support of the motion to dismiss . . . other types of undisputed evidence . . . and/or public records of which judicial notice may be taken . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 651–52, 974 A.2d 669 (2009).

Here, the plaintiff's argument concerns copies of two emails from Liburd's counsel that the plaintiff attached to his brief. The first email contains a copy of a check for twenty-five thousand dollars and states, "[p]lease see the attached release and settlement check for the PD limits of 25,000.00 following the intracompany arbitration process." The second email states: "I know Nationwide is fighting everything tooth and nail on this one but have you had any discussions with them about resolving this case. I think the last time we spoke you indicated that your plan was to get Nationwide and make a claim for a portion of the benefits State Farm paid to Nationwide. As you know we paid the policy limit on this one." The plaintiff points to the following

portion of the court's memorandum of decision as support for his argument that the court failed to consider the emails that he submitted: "The plaintiff's complaint here does not allege the amount of his claimed damages, the amount subrogated by his insurer, or the limits of Liburd's coverage. . . . [T]hose omissions are fatal." The plaintiff's exhibits, however, are copies of emails that are unaccompanied by any affidavit or other undisputed evidence. See Practice Book § 10-31 (opposition to motion to dismiss should, if appropriate, include "supporting affidavits as to facts not apparent on the record"). Accordingly, the court properly decided the issue of subject matter jurisdiction on the basis of the operative complaint alone.

More importantly, even considering the plaintiff's exhibits, they were not sufficient to render his claims against Nationwide ripe for adjudication. Regardless of the amount of Liburd's insurance policy and the amount Liburd's insurer paid to Nationwide, as we concluded in part II A of this opinion, the plaintiff's claim against Nationwide is wholly contingent upon the plaintiff obtaining a judgment against Liburd and Liburd being unable to satisfy the hypothetical judgment. Thus, even if the exhibits were erroneously ignored by the trial court, the plaintiff's exhibits do not persuade us that the claim is ripe for adjudication.[9]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] To the extent that the parties raise the issue of whether the plaintiff has standing to assert an unjust enrichment claim against Nationwide, we do not reach this issue because we conclude that the claim is not ripe for adjudication.